FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

**Name** Vernon Lee Trammell

**Prison Number** #120859

**Place of Confinement** 3800 Fountain Dorm I-01-8-A, ATMORE ALABAMA 36503

United States District Court _Middle_ District of _Alabama_

Case No. 2:07-CV-207-MEF
(To be supplied by Clerk of U. S. District Court)

_Vernon Lee Trammell_, PETITIONER
(Full name) (Include name under which you were convicted)

_Richard Allen, Commissioner et.al. (Jerry Ferrell, warden)_, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF _ALABAMA, Attorney General_

_Hon: Troy King 11 South Union Street Mont AL 36130_, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8-½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, <u>the original and two copies\* must be</u> mailed to the Clerk of the United States District Court whose address is
       P. O. Box 711, Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

   \*If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

PETITION

1. Name and location of court which entered the judgment of conviction under attack   St. Clair County Circuit Court

2. Date of judgment of conviction   3/6/1997   \*(1-5-2005) Revocation

3. Length of sentence   15 yrs Split   Sentencing Judge   Hon. Hereford

4. Nature of offense or offenses for which you were convicted:
   Sodomy 1°   13A-006-63

5. What was your plea?   (check one)
   (a) Not guilty    ( )
   (b) Guilty        (X)
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury ( )
   (b) Judge only (X)

7. Did you testify at the trial? Yes (X)  No ( )

8. Did you appeal from the judgment of conviction?  Yes ( )  No (X)

9. If you did appeal, answer the following:
   (a) Name of court __N/A__
   (b) Result _____
   (c) Date of result _____
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?  Yes (X)  No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court __St Clair County Circuit Court__
       (2) Nature of proceeding __Rule 20 Reconsideration of Revocation__
       (3) Grounds raised __Court Without Jurisdiction to Render Revocation AFTER 5 years Statute 15-22-54__

       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes (X)  No ( )
       (5) Result __Denied__
       (6) Date of result __7-5-2005__
    (b) As to any second petition, application or motion give the same information:
       (1) Name of court __St Clair County Circuit Court__
       (2) Nature of proceeding __Rule 39 K__

       (3) Grounds raised __Judicial Error and Correction of Sentence Motion__

       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )  No (X)
       (5) Result __Denied__
       (6) Date of result __7-21-05__

(c) As to any third petition, application or motion, give the same information:
  (1) Name of court __Criminal Court of Appeals__
  (2) Nature of proceeding __Appeal / Application For Judicial Review__
  (3) Grounds raised __Court without Juris(d)iction to render verdict in( Revocation) Ineffective Assistance of Counsel__

  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (X)
  (5) Result __Denied__
  (6) Date of result __8-19-05__

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
  (1) First petition, etc.       Yes (X) No ( )
  (2) Second petition, etc.      Yes (X) No ( )
  (3) Third petition, etc.       Yes (X) No ( )

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: __Continued Post Convictions Remedies through 32, 39k and Supreme Court of Appeals No other known pro se State remedies__

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Unconstitutional Application of Criminal Sentencing Code §15-22-54 of Alabama (1975)
Supporting FACTS (tell your story briefly without citing cases or law): State Sentence Title §15-18-8 Does Not Allow Petitioner to be Sentenced to a Split Sentence, State Sentence title §15-22-54 Does but limits the probationary period to "Not More than 5 years". After Completion of Split incarceration period (19 months) and Successful Completion of the mandated 5 years of probation, Petitioner was thereafter revoked probation and the 15 year term imposed unconstitutionally after mandated term expired.
(See Attached)

B. Ground two: Illegally Detained / Unconstitutional imprisonment
Supporting FACTS (tell your story briefly without citing cases or law): The Petitioner deals with Two different legislative Sections of the SPLIT SENTENCE CODE Title 15-18-8 which DOES NOT APPLY AS DEFINED WITHIN THE SECTION AND PROBATION §15-22-54 which Does Apply with limitations as to the length of probationary term of NOT MORE THAN FIVE YEARS.
(See Attached)

C. Ground three: Denial of EFFECTIVE ASSISTANCE of Counsel

Supporting FACTS (tell your story briefly without citing cases or law): TRIAL Counsel is a licensed Practicing Attorney who Did or Should have known that the Sentence in the plea Colloquia was either ILLGAl or MisRepresented and Committed reversible error upon Notice to correct, but Fail to respond.

D. Ground four: Court Without Jurisdiction to render Verdict (REvocation)

Supporting FACTS (tell your story briefly without citing cases of law): The Trial Court did Sentence petitioner to a term of 15 years Split Sentence Act 754-76 to A term of 18 months to serve incarcerated and probation to Follow. The probation is the Issue For Review because Two Title Section are Applicable to the Split Sentence Act i.e. § 15-18-8 and § 15-22-54. This being understood the Legislature intent was that under § 15-18-8. The crime of Sodomy 1° Could Not be Split under its definition (see Attached) Title § 15-22-54 did not exclude Any such Nature of offense but did PROHIBIT, Probation period to Exceed 5 Years. Therefore the ONLY title Section applicable to the petitioner is § 15-22-54 and its restriction of probation to Five years, which had been Completed PRIOR to Revocation Proceeding in this instant Case. Therefore under Color of Law the Trial Court was Without Jurisdiction to render Revocation.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: All Grounds Covered

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing  STAN BROWN  1607 S. MARTIN St. Ste #3  Pell City  AL  35128
(b) At arraignment and plea  Same as Above

(c) At trial  STAN BROWN  1607 S. Martin St, Ste #3
                Pell City   AL   35128
(d) At sentencing  "Same as Above"

(e) On appeal  N/A

(f) In any post-conviction proceeding  Brian Kilgore

(g) On appeal from any adverse ruling in a post-conviction proceeding:
    (pro se)

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ( )  No (X)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes (X)  No ( )
    (a) If so, give name and location of court which imposed sentence to be served in the future: United States Bureau of Prisons
    (b) And give date and length of sentence to be served in the future: up to 97 months
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ( )  No (X)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on  3-06-07  .
                                                                (date)

/s/ Venna L. Trammell
Signature of Petitioner

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT COURT OF ALABAMA

VERNON TRAMMELL,
  Petitioner

Vs.    Case Number 2:07 CV-207-MEF
    (To be supplied by Clerk)

RICHARD ALLEN, COMMISSIONER
et al.,
  Respondents
(State of Alabama, St. Clair Co.
(Circuit court Ashville. els.) )

### APPLICATION FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

Comes now petitioner Vernon Trammell, pro se, before this Honorable Court, through operation of Post Conviction Relief under 28 U.S.C. §2254, to challenge the Application of Law in its application of conflicting State Sentencing Subsections enumbered §15-18-8 Code of Alabama (1975) and §15-22-54 Code of Alabama (1975). This petition does not challenge the direct imposed sentence, it challenges the violation of probation and the misapplication of which title section this petitioner could be legally sentenced (revoked) under and follow the Legislator's intent and directions.

The case at bar encompasses the revocation of probation more than five years after the completion of the period of incarceration, in violation of the only statute applicable to this instant petitioner, §15-22-54 id.

The State contends that the sentence imposed was under §15-18-8 split sentence act and the probation under that section is under the decretion of the sentencing judge and may be modified at any time. (§15-18-8) This is true "for whom may be sentenced under that section and would not be prohibited as noted and defined

within the Title §15-18-8 (a) (2) ... Conviction of an offense or prior offense of MURDER, RAPE FIRST DEGREE, KIDNAPPING FIRST DEGREE, **SODOMY FIRST DEGREE,** ENTICING A CHILD TO ENTER A VEHICLE HOUSE ETC. FOR IMMORAL PURPOSES, ARSON FIRST DEGREE, ROBBERY FIRST DEGREE AND LIFE WITHOUT PAROLE, **WILL NOT BE ELIGIBLE FOR THIS PROGRAM.** The contained definition excludes the petitioner as emphases added shows. The only applicable Title Section that could or would legally be enforceable would be the split sentence applied under §15-22-54, which provides for any felony, but limits the term of probation to a MAXIMUM **Five years,** the papers filed with the Department of corrections on the sentence transcript itself indicates the 15-18-8 is not applied. (see Attached) Construction with other law, Court of Criminal Appeals construed subsection (a) and §15-18-8 so that each is afforded a field of operation. There is no conflict between the two statutes.

  Notwithstanding the clear distinct language of both sections the trial court continues to deny the petitioner the just relief sought. If the Legislature intended to grant continous probation on certain sentences it would not have added §15-22-54, also the title §15-18-8 prohibits any split sentence for the petitioner therefore, the color of law would only be able to imply the term could not exceed five years of probation of which the petitioner sucessfully completed and complied with, the violation did not occure during any time window the probation was legally active. WHEREFORE THE PETITIONER FILING SHOULD BE GRANTED REVIEW AND RELIEF FROM THE IMPOSED SENTENCE VIOLATION.

  The following petition is attached; and respectfully submitted.

Vernon L. Trammell
#120859
3800 Fountain
Atmore AL.
36503



Clerk of the
United States
District Court.
P.O. Box 711
Montgomery ALA.
36.31