IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

VERNON LEE TRAMMELL, #120 859        *

    Petitioner,                           *

        v.                                    *     2:07-CV-207-MEF
                                                                           (WO)

RICHARD ALLEN, *et al.*,              *

    Respondents.                          *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The instant cause of action is pending before this court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Vernon Trammell, a state inmate, on March 6, 2007.[1] Petitioner seeks to challenge matters related to a split sentence imposed on him by the Circuit Court for St. Clair County, Alabama, in regard to his conviction for first degree sodomy. In this petition, Petitioner asserts claims of ineffective assistance of counsel, illegal detention, and improper application of the criminal sentencing code regarding imposition of a split

---

[1] Although the present petition was stamped "filed" in this court on March 8, 2007, the petition was signed by Petitioner on March 6, 2007. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Trammell] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes March 6, 2007 as the date of filing.

sentence and/or the impact of such sentence on a subsequent revocation of parole.

## DISCUSSION

This court, "in the exercise of its discretion and in furtherance of justice," may transfer Petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d). Petitioner challenges matters regarding a conviction and sentence entered against him by the Circuit Court for St. Clair County, Alabama. St. Clair County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that a transfer of this case to such other court for hearing and determination is appropriate.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **April 2, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of March 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE